IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KERRY HARPSTER,

                    Plaintiff,                              **8:22CV97**

          vs.

FBI, OPD, CIA, IRS, SSA, UNITED              **MEMORANDUM**
STATES POSTAL SERVICE, and                     **AND ORDER**
DEPARTMENT OF EDUCATION,

                    Defendants.


    Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

    Plaintiff, a Nebraska resident, sues several federal agencies (FBI, CIA, IRS, SSA, USPS, Department of Education) and the Omaha Police Department, claiming diversity of citizenship as the court's basis for jurisdiction. Plaintiff alleges that the FBI and CIA are "trying to set [her] up"; the court needs to be involved in "the investigation" against her; the USPS is involved in "the investigation"; "[t]here is no agency not involved"; "people" feel it would be "useful" if Plaintiff were incarcerated; Plaintiff needs to be with her 14-year-old dyslexic son; and Plaintiff is experiencing "attacks on [her] identity and character." (Filing 1 (spelling corrected).) For relief, Plaintiff requests to "be left alone to live in peace."

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Plaintiff's Complaint suffers from several pleading deficiencies that are described below.

## A.  Diversity Jurisdiction

Plaintiff alleges that this court has diversity jurisdiction over this matter. However, the United States and its agencies are not citizens for diversity purposes

2

and cannot be sued in diversity. *See Texas v. ICC,* 258 U.S. 158, 160 (1922); *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993) (the United States is not a citizen for diversity purposes and federal agencies cannot be sued in diversity under 28 U.S.C. § 1335); *General Ry. Signal Co. v. Corcoran,* 921 F.2d 700, 703 (7th Cir. 1991); *Weeks Const., Inc. v. Oglala Sioux Housing Authority*, 797 F.2d 668 (8th Cir. 1986) (instrumentalities of the United States, such as the Department of Housing and Urban Development, are not citizens of any state for diversity purposes); *McNeil v. United States*, No. 06-2037, 2006 WL 1361119, at *5 (W.D. Ark. May 16, 2006); Arthur R. Miller, 13E Fed. Prac. & Proc. § 3602 (3d ed. Westlaw 2022) ("an agency of the United States is not a citizen of a state for purposes of diversity of citizenship jurisdiction"). Therefore, Plaintiff must allege another type of jurisdiction, such as a claim arising under the United States Constitution or federal laws or treaties of the United States. *See* 28 U.S.C. § 1331 (defining "federal question" jurisdiction).

## B.  No Legal Basis for Suit Alleged

Plaintiff does not identify the federal- or state-law violation or constitutional deprivation that serves as the basis for her lawsuit.[1] A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and Plaintiff has not done so here. *See* Fed. R. Civ. P. 8 (general rules of pleading).

## C.  Allegations Made as to FBI, CIA & USPS

---

[1] Plaintiff may sue the federal government for *nonmonetary* relief. *Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003); 5 U.S.C. § 702 (expressly waiving sovereign immunity as to any action for nonmonetary relief brought against the United States); *Camacho-Corona v. Douglas Cnty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *3 (D. Neb. July 31, 2012) (sovereign immunity does not bar injunctive-relief claims against federal agencies acting in their official capacities).

The only acts Plaintiff's Complaint attributes to any specific Defendant is the existence of an "investigation" by the FBI, CIA, and USPS. Jurisdiction is lacking in this case based on these limited allegations because "the FBI's decision to investigate criminal activity is a discretionary act that is not subject to judicial review," *Brown v. FBI*, No. CIV.A. 13-845, 2013 WL 2456106, at *1 (D.D.C. June 6, 2013); "an agency's decision whether to . . . investigate . . . has been recognized as purely discretionary and not subject to judicial review," *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010); and the USPS has the statutory authority to investigate postal offenses and civil matters relating to the Postal Service and has regulatory law-enforcement powers to facilitate its duties, *Harris v. United States*, No. CIV.A. DKC 11-0916, 2012 WL 1067883, at *4 (D. Md. Mar. 28, 2012) (citing 39 U.S.C. § 404). Thus, the mere existence of an investigation does not state a claim against the FBI, CIA, or USPS, which are the only entities against which Plaintiff makes specific allegations.

## D.  Other Parties

Plaintiff makes no allegations as to Defendants IRS, SSA, Department of Education, and the Omaha Police Department. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant.  *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)). In addition, the Omaha Police Department is not a suable entity. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity

amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

## IV.  CONCLUSION

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that addresses the pleading deficiencies discussed above. Plaintiff's amended complaint must concisely summarize the relevant allegations of her original Complaint and any new allegations **in one document**. Plaintiff should be mindful to explain what each Defendant did to her, when each Defendant did it, how each Defendant's actions harmed her, and what specific legal rights Plaintiff believes Defendants violated. Plaintiff is warned that any amended complaint she files will supersede, not supplement, her prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS ORDERED:

1.     Plaintiff shall have until **August 17, 2022**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2.     If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims she wishes to pursue against all of the defendants she wishes to sue

in the amended complaint. Plaintiff should be mindful to explain concisely in her amended complaint what each defendant did to her, when each defendant did it, how each defendant's actions harmed her, and what specific legal rights Plaintiff believes each defendant violated.

3.     Failure to consolidate all claims into **one document** may result in the abandonment of claims. **Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint**.

4.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

5.     The Clerk of the Court is directed to set a pro se case management deadline using the following text: **August 17, 2022**—amended complaint due.

6.     Plaintiff shall keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 18th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

6